DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY; R.J. REYNOLDS TOBACCO COMPANY,** As Successor By Merger To **LORILLARD TOBACCO COMPANY;** and **PHILIP MORRIS USA INC.,**
Appellants,

v.

**JOHN MCCOY,** As Personal Representative of The Estate of **GLODINE MCCOY,**
Appellee.

No. 4D16-259

[November 8, 2017]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy III, Judge; L.T. Case Nos. 08-025806 CACE (19) and 08-80000 CACE (19).

Val Leppert and William L. Durham II of King & Spalding LLP, Atlanta, Georgia; and Jeffrey S. Bucholtz of King & Spalding LLP, Washington, DC, for appellants R.J. Reynolds Tobacco Company and Lorillard Tobacco Company.

Geoffrey J. Michael of Arnold & Porter LLP, Washington, D.C., for appellant Philip Morris USA Inc.

Celene H. Humphries, Thomas J. Seider, Philip J. Padovano and Maegen P. Luka of Brannock & Humphries, Tampa; and Scott Schlesinger, Steven Hammer, Jonathan R. Gdanski and Brittany Chambers of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The defendant tobacco companies, R.J. Reynolds Tobacco Company and Philip Morris USA Inc. ("the defendants"), appeal a final judgment in favor of John McCoy ("the plaintiff") in a wrongful death action and raise three issues. The plaintiff cross appeals the same judgment, raising two issues. We reverse.

The defendants allege in their first issue that the Surgeon General's

Reports ("the Reports") were erroneously admitted into evidence and improperly used to bolster expert opinions. As we recently concluded in *Philip Morris USA, Inc. v. Pollari*, No. 4D16-334 (Fla. 4th DCA Aug. 30, 2017), the Reports are hearsay that are inadmissible as public records or adoptive admissions and may not be used to bolster the opinions of testifying experts. The admission and use of the Reports in the instant case was likewise erroneous. The extensive reliance on the Reports throughout trial renders it impossible for the plaintiff to meet his burden of showing that the error was harmless. *See Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014) (holding that to prove harmless error, "the beneficiary of the error must prove that there is no reasonable possibility that the error contributed to the verdict"). Because this issue is dispositive, we decline to analyze the remaining issues raised.

We therefore reverse and remand for a new trial. On remand, the plaintiff is free to seek leave from the trial court to add claims for punitive damages on his negligence and strict liability counts.

*Reversed and remanded.*

GROSS, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2